IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Michael Charles McGee, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14cv757 (CMH/MSN) |
| | ) | |
| Harold W. Clarke, | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION

Michael Charles McGee, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his convictions in the Circuit Court for the City of Newport News, Virginia. On May 15, 2015, respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Dkt. Nos. 19, 20, 21. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he failed to file any response. For the reasons that follow, petitioner's claims must be dismissed.

**I. Background**

On July 8, 2011, petitioner was found guilty of robbery in violation of VA Code § 18.2-53.1, use/display of a firearm in commission of the robbery in violation of VA Code § 18.2-58, and possession of a firearm by a convicted felon in violation of VA Code § 18.2-308.2 (Case Nos. 00142-11, 00143-11, 00144-11). On October 18, 2011, the Circuit Court for the City of Newport News sentenced him to a total active sentence of 16 years. Petitioner pursued a direct appeal to the Virginia Court of Appeals, alleging that the evidence was insufficient to support his convictions because the testimony of the complaining witness, Antonio Cooper, was inherently incredible. His petition for appeal was denied on March 22, 2012 (Record No. 2123-11-1). On

December 14, 2012, the Supreme Court of Virginia refused petitioner's petition for appeal (Record No. 121133).

The Virginia Court of Appeals' order dated March 22, 2012 and record reflect the following facts:

> [T]he evidence proved that on the evening of August 11, 2010, Antonio Cooper was walking down a street in the City of Newport News. Cooper was dressed in woman's clothing. (Tr. 43). Cooper was walking to his cousin's home, but decided to "fill up" some time before arriving there. He encountered appellant on the street. Appellant said "I got 25, what's up." (Tr. 14). Cooper was familiar with appellant. (Tr. 9). Appellant invited Cooper to the home of a member of appellant's family. Appellant described the location of this house, and Cooper was familiar with this location. Once they arrived at the location, which was a vacant house, appellant told Cooper to "give [him] the money." (Tr. 11, 13-14). Appellant pointed a gun at Cooper's chest while telling him to hand over his money. (Tr. 15-16). Appellant told Cooper to strip, but he refused. Appellant pointed the gun at Cooper's penis and told him to "pull it out," which Cooper did to show that there was nothing hidden there. (Tr. 15-16). Appellant pointed the gun at Cooper's ankles and then at his head. Appellant took Cooper's makeup bag and searched it. (Tr. 16). Appellant told Cooper that he would kill him if he told the police about what had happened. Before letting Cooper leave, appellant took his handbag and his cell phone. (Tr. 35). As appellant left the vacant house, Cooper followed him because he wanted to retrieve his cell phone, which had "all [his] numbers and everything which means a lot to [him]." Appellant pointed the gun at Cooper again and told him to go in the opposite direction, but Cooper continued to follow him. (Tr. 35). Cooper testified on direct examination that he contacted the police right after the incident occurred. On cross-examination, he testified that he did not call the police until approximately twelve hours after the incident. (Tr. 34). He explained that he debated whether to call the police, but decided that, given appellant's threats to kill him, if he was going to die, "someone needs to know who killed me." (Tr. 34-35).
>
> Cooper testified that he had a previous conversation with appellant in which appellant stated that he wanted Cooper to work as a prostitute for him. (Tr. 17-18). Cooper admitted that he had previous convictions for prostitution but no felony convictions or misdemeanors involving moral turpitude. (Tr. 28-29). He denied going to the vacant house with appellant to engage in prostitution. He did testify that appellant "promised to give [Cooper] some money but he didn't say for what." Appellant did not give Cooper that money, but Cooper testified that it did not upset him that appellant owed him money. (Tr. 38-39). On re-direct, Cooper testified that he was willing to discuss doing a sexual act with appellant for money, but did not get the chance to talk about what sexual act he would

2

perform, because appellant pointed a gun at Cooper before this discussion began. (Tr. 40-41).

Officer Richard Thompson was part of the police investigation of the incident involving appellant and Cooper. (Tr. 46). He testified that Cooper was able to positively identify appellant in a photo spread. (Tr. 46). He also testified that he visited the vacant house, and there was a lock on the outside screen, door and a "no trespassing" sign on that door. (Tr. 48). Officer Thompson was unable to access the porch of the house during his visit. (Tr. 48-50). Cooper had testified that he did not see a "no trespassing" sign or lock on the door of the vacant house. (Tr. 37).

The Commonwealth introduced certified copies of appellant's prior felony convictions. (Tr. 50-51). At the conclusion of the trial, the trial court specifically stated that it believed Cooper's testimony regarding the robbery, the use of a firearm in the commission of that robbery, and the possession of a firearm by appellant, a convicted felon. (Tr. 63). The trial judge found that the victim was "believable on the incidents of having someone point a gun at three parts of his body, take his cell phone, take the book bag or pocketbook, and he is very clear that the gun was pointed at him." (Tr. 63).

On February 28, 2013, petitioner filed a petition for writ of habeas corpus in the circuit court, claiming that:

1. The Commonwealth's Attorney put on the perjured testimony of Antonio Cooper, and trial counsel was ineffective for failing to prove Cooper lied.

2. Trial counsel was ineffective for:

   i. Failing to prove Cooper lied and for failing to put on evidence of petitioner's alibi that at the time of the offense petitioner was at the hospital with his newborn baby and the baby's mother, Ebonie Snow. Petitioner wanted counsel to call Ebonie Snow, the nursing staff, Dan Marshall, Cory Johnson, and Derick Jones to testify petitioner was at the hospital.

   ii. Failing to object to the prosecutor leading and his witness (Cooper).

   iii. Failing to object to the prosecutor coaching his witness (Cooper).

   iv. Failing to investigate "running person" and "tall man."

   v. Failing to act loyally to petitioner because counsel re-enforced Cooper's testimony by paraphrasing it.

3

    3. The prosecutor committed misconduct and misfeasance by using deceptive methods in presenting the case and deliberately violated the standards of conduct with improper motive.

    4. The trial court improperly convicted petitioner based on theoretical rather than tangible evidence in violation of his Fifth and Fourteenth Amendments.

    5. Appellate counsel failed to actively advocate for and zealously represent petitioner in violation of his Sixth and Fourteenth Amendments by citing repetitive case law in his brief and raising only sufficiency of the evidence as an issue on appeal when petitioner's chance of winning on that issue was "slim." Appellate counsel also failed to address the prosecutor's misconduct and misfeasance by knowingly using the perjured testimony of a witness and the court's use of theoretical rather than tangible evidence to convict petitioner. Appellate counsel failed to conduct further investigation, failed to interview witnesses, and spent only ten minutes meeting with petitioner.

The circuit court denied and dismissed the habeas petition by order entered April 4, 2013 (Record No. CL13H00607). On December 9, 2013, petitioner's petition for appeal from the circuit court's denial of habeas relief was dismissed by the Supreme Court of Virginia pursuant to Rule 5:17(c)(1)(iii) because the assignments of error did not address the circuit court's rulings (Record No. 131082).

On May 29, 2014, petitioner filed a petition for a writ of habeas corpus in this Court, pursuant to 28 U.S.C. § 2254, which was initially dismissed for failure to pay the filing fee. On February 2, 2015, petitioner paid the $5.00 filing fee, and the petition was reopened and reinstated on April 25, 2015. Petitioner raises the following allegations:

    1. The Commonwealth's Attorney put on the perjured testimony of Antonio Cooper and trial counsel was ineffective for failing to prove Cooper lied.

    2. Trial counsel was ineffective for failing to fully investigate Cooper; a proper investigation would have revealed information that could have been used to undermine Cooper's testimony.

    3. Trial counsel was ineffective for failing to object to or move to dismiss the charge when the Commonwealth's witness admitted he never saw petitioner on the date of the offense, August 11, 2010.

    4. Trial counsel was ineffective for failing to impeach Cooper's testimony with inconsistencies in his statements during trial.

4

5. Trial counsel was ineffective for failing to point out the difference between the testimony of Cooper and Officer Richard Thompson, which petitioner claims was contradictory and could have changed the outcome of the trial.

6. Trial counsel was ineffective for failing to object to the Commonwealth's attorney leading the complaining witness, Antonio Cooper.

7. The prosecutor committed prosecutorial misconduct by improperly vouched for the credibility of her witness by saying the witness was not lying.

8. The prosecutor committed prosecutorial misconduct by putting on the perjured testimony of Antonio Cooper.

9. The trial court erred by refusing to allow the defense to impeach Cooper with prior convictions.

10. The trial court erred by allowing the trial to continue when Cooper admitted he never saw petitioner on the date of the offense, August 11, 2010.

11. The trial court improperly convicted petitioner based on theoretical rather than tangible evidence in violation of his Fifth and Fourteenth Amendments.

## II. Exhaustion

Several of petitioner's claims are barred from federal review based upon the Supreme Court of Virginia's finding of procedural default.

Exhaustion is a matter of comity to the state courts, and failure to exhaust requires dismissal from federal court so that the petitioner may present his claims to the state courts first. See 28 U.S.C. 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, the petitioner must present the same factual and legal claims raised in the instant case to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See Duncan v. Henry, 513 U.S. 364 (1995); Mallory

v. Smith, 27 F.3d 991, 994 (4th Cir. 1994) ("mere similarity of claims is insufficient to exhaust" state remedies). In reviewing federal challenges to state proceedings, "[s]tate courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan, 526 U.S. at 844. Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that he properly presented his claim, including the operative facts and controlling legal principles, to the state courts in accordance with the state's "chosen procedural scheme." Mallory, 27 F.3d at 995, see also Kasi v. Angelone, 300 F.3d 487, 501-01 (4th Cir. 2002).

Stated simply, in order to properly exhaust a claim prior to filing a § 2254, petitioner must have presented the same legal argument and factual support to the Supreme Court of Virginia on direct appeal, in an original jurisdiction state habeas corpus petition, or in a habeas appeal from a circuit court's denial of habeas relief. See 28 U.S.C. § 2254(b).

### III. Procedural Default

If a state court finds, based on an adequate and independent state-law ground, that a claim is procedurally defaulted from review, then the claim is not reviewable in federal habeas. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Williams v. French, 146 F.3d 203, 208-09 (4th Cir. 1998) (internal citations omitted). A state procedural rule is "adequate" if it is "regularly or consistently applied by the state court," and is "independent" if its application does not depend on the federal Constitution. Williams, 146 F.3d at 209 (internal citations omitted). The only exception to this rule is if the petitioner can show cause and prejudice for the default, or

a fundamental miscarriage of justice, such as actual innocence. See, e.g., Harris v. Reed, 489 U.S. 255, 262 (1989) (internal citations omitted).

In Martinez v. Ryan, 132 S. Ct. 1309 (2012), the United States Supreme Court held that, if state law requires a petitioner to raise ineffective assistance of counsel for the first time on collateral review, a petitioner can establish "cause" for failure to raise such a claim if the state court did not appoint counsel in the collateral review proceeding or if appointed counsel was ineffective. Id. at 1318. If a petitioner establishes cause in this fashion, he must still establish prejudice to overcome the procedural default. In this respect, the petitioner must establish "that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id. at 1318-19 (internal citations omitted). Accordingly, in the words of a recent Fourth Circuit case, a petitioner may rely on Martinez only if

> (1) the ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the 'cause' for the default 'consist[s] of there being no counsel or only ineffective counsel in during the state collateral review proceeding'; (3) 'the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim'; and (4) state law 'requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding.'"

Fowler v. Joyner, 753 F.3d 446, 461 (4th Cir. 2014) (quoting Trevino v. Thaler, 133 S. Ct. 1911, 1918 (2013)).

i. Claims 1, 2, 3, and 4

Petitioner's ineffective assistance of counsel allegations raised in Claims 1, 2, 3, and 4 attack counsel's investigation and cross-examination of the complaining witness, Antonio Cooper. These four claims appear to be the same claims that were raised by petitioner in his state habeas petition filed in circuit court. The circuit court decided against petitioner in its April

4, 2013 order, and petitioner's appeal from the circuit court's denial of habeas relief was dismissed by the Virginia Supreme Court pursuant to Rule 5:17(c)(1)(iii).[1] The Fourth Circuit has repeatedly held that a state finding of procedural default bars federal court review and provides an independent and adequate ground for dismissal of a federal habeas petition. Whitley v. Bair, 802 F.3d 1487, 1500 (4th Cir. 1986). Therefore, claims 1, 2, 3, and 4 must be dismissed because they are procedurally defaulted based upon an adequate and independent state procedural rule precluding federal habeas court review of the merits of these claims. Petitioner has failed to overcome the state default by establishing cause and prejudice or a fundamental miscarriage of justice. Likewise, because the state court default occurred in the appeal of the trial court's denial of state habeas, rather than solely in the initial habeas petition, petitioner may not avoid the default under Martinez.

ii. Claim 5

In Claim 5, petitioner argues that trial counsel was ineffective for failing to point out differences between Cooper's and Officer Richard Thompson's testimony. Claim 5 is a newly minted ineffective assistance of counsel claim that is defaulted. Burket v. Angelone, 208 F.3d 172, 183 (4th Cir. 2000). It is procedurally defaulted under Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974) because the claim was not raised properly on direct appeal. The rule in Slayton, that claims not raised properly on direct appeal must not be considered as a basis for collateral relief, is an adequate and independent state procedural rule barring federal habeas corpus review.

---

[1] Supreme Court Rule 5:17(c)(1)(iii) states:
  Insufficient Assignments of Error. An assignment of error that does not address the findings or rulings in the trial court or other tribunal from which an appeal is taken, or which merely states that the judgment or award is contrary to the law and the evidence, is not sufficient. An assignment of error in an appeal from the Court of Appeals to the Supreme Court which recites that "the trial court erred" and specifies the errors in the trial court, will be sufficient so long as the Court of Appeals ruled upon the specific merits of the alleged trial court error and the error assigned in this Court is identical to that assigned in the Court of Appeals. If the assignments of error are insufficient, the petition for appeal shall be dismissed.

Reid v. True, 349 F.3d 788, 804 (4th Cir. 2003). The procedural default cannot be excused because petitioner has failed to establish cause and prejudice pursuant to Martinez,[2] so Claim 5 must be dismissed.

### iii. Claim 6

Claim 6 alleges that trial counsel was ineffective for failing to object to the Commonwealth's attorney leading Antonio Cooper while he was testifying. Claim 6 is a newly minted claim that is procedurally defaulted. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). This claim is procedurally defaulted under Slayton because it was not raised properly on direct appeal. Additionally, the "admission of evidence in state trials is ordinarily governed by state law." Perry v. New Hampshire, 132 S. Ct. 716, 720 (2012). Federal habeas corpus review and relief does "not lie for errors of state law." Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (internal citations omitted); see also Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998) ("Matters of state law not involving federal constitutional issues are not appropriate grounds for federal habeas corpus relief.").

### iv. Claims 7 and 8

Petitioner's Claims 7 and 8 (as well as part of Claim 1) allege prosecutorial misconduct for knowingly using Antonio Cooper's perjured testimony and vouching for Cooper's credibility, and these claims appear to be the same prosecutorial misconduct claims raised by petitioner in

---

[2] Pursuant to Martinez, petitioner fails to allege cause and prejudice that would excuse his procedural default because Claim 5 has no merit. The state court record demonstrates that counsel did point out the differences between Antonio Cooper's and Officer Richard Thompson's testimony. For example, Cooper testified on cross-examination that he did not see a "No Trespassing" sign or a lock on the door of the vacant house where the offense occurred. (Tr. 37). Officer Thompson testified that when he went to the scene, the door to the vacant house was locked and a "No Trespassing" sign was posted near the door. (Tr. 48). The record reflects that trial counsel thoroughly cross-examined Cooper, bringing out inconsistencies in his testimony about the incident, including the fact that he delayed reporting the incident to police for 12 hours and that Officer Thompson found the house locked and inaccessible with a "No Trespassing" sign when he went to the scene of the crime. (Tr. 24-39, 48-50). Thus, trial counsel did exactly what petitioner alleges he failed to do, and petitioner would be unlikely to prevail on the merits of this claim.

the state habeas proceedings in circuit court. Those claims were dismissed by the circuit court pursuant to the rule set out by Slayton. Additionally, the Virginia Supreme Court dismissed these same prosecutorial misconduct claims pursuant to Rule 5:17(c)(1)(iii), another independent and adequate state procedural rule barring federal habeas corpus review. Netherland, 95 F.3d at 1244-45. Thus, Claims 7 and 8 are procedurally defaulted on two grounds, and they must be dismissed.

v. Claim 9

Claim 9, in which petition argues that the trial court erred in refusing to allow him from impeaching Cooper with prior convictions, is a newly minted claim that is defaulted under Slayton. Additionally, the "admission of evidence in state trials is ordinarily governed by state law." Perry, 132 S. Ct. at 720. Federal habeas corpus relief is limited to issues involving federal constitutional issues, and it does not resolve errors of state law. See Swarthout, 131 S. Ct. at 861; Wright, 151 F.3d at 158.

### IV. Merits Standard of Review

As to petitioner's two remaining claims, when a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudications were contrary to, or an unreasonable application of, clearly established federal law, or were based on an unreasonable determination of the facts presented at the trial. 28 U.S.C. § 2254(d)(1)-(2). This test erects a "formidable barrier to federal habeas relief" for claims adjudicated on the merits. Burt v. Titlow, 134 S. Ct. 10, 16 (2013). Under this standard, for a state prisoner to obtain habeas relief, he "must show that the state court's ruling on the claim being presented in federal court was so lacking in

justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision. See Cullen v. Pinholster, 563 U.S. 170 (2011).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Importantly, this standard of reasonableness is an objective one, and does not allow a federal court to review simply for plain error. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). In addition, a federal court should review the state court determination with deference; the court cannot grant the writ simply because it concludes that the state court incorrectly determined the legal standard. See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (internal citations omitted). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

i. Claims 10 and 11

Claims 10 and 11 essentially contend that the evidence presented in the trial court was insufficient to convict petitioner because Cooper's testimony was inherently incredible. Jackson v. Virginia, 443 U.S. 307 (1979) provides the standard by which a federal court must review a habeas petition alleging insufficiency of the evidence. A federal court must determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (emphasis in original) (internal citations omitted). Challenges based on the sufficiency of the evidence thus face "two layers of judicial deference." Coleman v. Johnson, 132 S. Ct. 2060, 2062 (2012) (per curiam). In a jury trial, such as petitioner's, the jury has the sole responsibility for determining what conclusions to draw from the evidence presented at trial. Thus, an appellate court reviewing a challenge to the sufficiency of the evidence on direct appeal may overturn the jury's verdict only if no rational trier of fact could have agreed with the outcome. Cavazos v. Smith, 132 S. Ct. 2, 3 (2011) (per curiam). A federal habeas court may only overturn this state court decision if the decision was "objectively unreasonable;" it may not overturn the decision simply because it disagrees with the outcome. Id. (quoting Renico v. Lett, 559 U.S. 766, 773 (2010)).

Petitioner essentially argues that, because the prosecution relied on circumstantial evidence and an arguably unreliable complaining witness, he should not have been convicted on the basis of the Commonwealth's evidence. After reviewing the trial transcript and considering all facts in the light most favorable to the Commonwealth, however, the Court of Appeals found:

> "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1998). Because Cooper's credibility is a matter solely for the trial court

12

> as the finder or fact, we will not disturb its determination on appeal. Cooper's testimony was not inherently incredible or so contrary to human experience as to render it unworthy of belief. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of robbery, use of a firearm in the commission of a felony, and possession of a firearm by a felon.

Record No. 2123-11-1, Order dated March 22, 2012, p. 3. Nothing in this analysis is objectively unreasonable, nor is it contrary to or an unreasonable application of Jackson. This Court must defer to the state appellate court's determination that the evidence in the form of Cooper's testimony proved the offenses occurred and that petitioner was the perpetrator. Claims 10 and 11 amount to no more than an invitation for this Court to re-weigh the evidence in a manner more favorable to him, which is plainly prohibited. Because the state court's rejection of petitioner's contention that the evidence was insufficient to support the charges against him was factually reasonable and conformed with applicable federal principles, that result may not be disturbed here, and Claims 10 and 11 must be dismissed. Williams, 529 U.S. at 412-13.

## V. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Judgment and Order shall issue.

Entered this 9th day of December 2015.

/s/ Claude M. Hilton
United States District Judge

Alexandria, Virginia

13